# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RANDY POLLOCK,**

    **Plaintiff,**

v.

Civil Action 2:11-cv-00114
Judge Algenon L. Marbley
Magistrate Judge E.A. Preston Deavers

**SHERIFF GEORGE LAVENDER, JR.,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion for Summary Judgment. (ECF No. 11.) All Defendants in this action maintain that they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). The undersigned agrees. Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion for Summary Judgment and **DISMISS PLAINTIFF'S CLAIM WITHOUT PREJUDICE.**

### I. BACKGROUND

Plaintiff was a pretrial detainee at the Ross County Jail when he filed this action.[1] Plaintiff brings claims against various Ross County employees under 42 U.S.C. § 1983 concerning the conditions of confinement he experienced at the Ross County Jail.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court performed an initial screen of Plaintiff's Complaint. The Court allowed Plaintiff to proceed on claims for deliberate indifference to his

---

[1] Plaintiff is currently incarcerated at the Warren Correctional Institution.

serious medical needs and excessive force claims. In his medical claims, Plaintiff maintains that Defendants were indifferent in addressing his epileptic condition. Plaintiff also asserts that prison officials improperly distribute medication and that he was refused a high protein diet necessary due to his medical condition. With regards to excessive force, Plaintiff alleges that Defendant Hayburn physically assaulted him. Finally, the Court allowed Plaintiff to proceed on various 42 U.S.C. § 1983 jail condition claims. These included claims of a lack of recreation; harsh environmental temperatures; inadequate clothing; a lack of cleanliness and hygiene; the administration of booking fees; and the denial of religious services.

Within their Motion for Summary Judgment, Defendants maintain that Plaintiff has failed to exhaust administrative remedies. In support of their Motion, Defendants have submitted the Affidavit of Sergeant Glenn Detty; the Ross County Jail Rules and Regulations; and the grievances and requests that Plaintiff filed while at Ross County Jail. Through this evidence, Defendants contend that the Ross County Jail has an inmate grievance procedure, which Plaintiff failed to follow. Specifically, the evidence indicates that Plaintiff filed only two grievances during his time at the Ross County Jail. Neither of these grievances concerned matters raised in Plaintiff's Complaint.

On January 12, 2012, well after Plaintiff's response time to the Motion for Summary Judgment had run, the Court ordered Plaintiff to show cause for failing to keep the Court apprised of his current address. In this Order, the Court also directed Plaintiff to submit any motion for leave to respond to the Motion for Summary Judgment, as well as an attached response, within ten days. On January 30, 2012, the Court received a letter from Plaintiff explaining his failure to keep the Court apprised of his address was the result of being hospitalized and not receiving mail. Although Plaintiff responded to the show cause portion of

the Court's Order, Plaintiff failed to respond to or otherwise address Plaintiff's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a 'genuine' dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III. ANALYSIS

Failure to exhaust administrative remedies is an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 549 U.S. 199, 216 (2007). Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures"). Furthermore, exhaustion is required "even where [the prisoners] believe the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations omitted).

To satisfy the PLRA exhaustion requirements the United States Court of Appeals for the Sixth Circuit has held that a prisoner must provide "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x. 738, 740 (6th Cir. 2009). "The

4

fair notice standard . . . does not require a prisoner to allege a specific legal theory or facts that correspond to all the required elements of a particularized legal theory." *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006) (internal quotations omitted). To satisfy the fair notice requirement, however, "a plaintiff must allege specific acts of mistreatment or misconduct. . . ." *Id.*

In this case, Defendants have satisfied their burden of establishing that Plaintiff failed to exhaust his administrative remedies. The record evidence reflects that Plaintiff has failed to follow the inmate grievance procedure with respect to his claims. Defendants have submitted uncontested evidence indicating that Ross County Jail has an inmate grievance procedure and that Plaintiff was aware of this procedure. The grievance procedure allowed inmates to submit grievance forms to the Jail Administrator. Additionally, the procedure allowed inmates to appeal grievance decisions to the Sheriff. Based on Sergeant Glenn Detty's review of Plaintiff's inmate file, Plaintiff only submitted two grievances during his time at Ross County Jail. He did not appeal either of these grievances.

Furthermore, to the extent Plaintiff did file grievances, he failed to give fair notice of the contents of his Complaint. Plaintiff's two grievances involved a transcript request as well as a complaint about the dosage and type of sleeping medication Plaintiff was prescribed. His claims in this case do not involve such matters. Although Plaintiff does plead medical indifference claims within his Complaint, these claims do not focus on a disagreement regarding Plaintiff's sleeping medication. Rather, Plaintiff's claims center around an overall lack of treatment for his epileptic condition. Under these circumstances, the grievances were not sufficiently specific to give jail officials fair notice of the basis for Plaintiff's claims.

The evidence does demonstrate that, in addition to his two grievances, Plaintiff submitted

a number of request forms to jail officials. These requests generally involved Plaintiff's medications and medical treatment as well as the mailing and handling of legal materials. Some of the requests do touch on matters related to Plaintiff's Complaint. Nevertheless, the record evidence reflects that jail officials responded to these request and that Plaintiff did not choose to file any subsequent grievances or appeals regarding these issues. Ultimately, these requests are insufficient to justify Plaintiff's failure to follow the grievance procedure.

## IV. CONCLUSION

For the above reasons, it is **RECOMMENDED** that the Court **GRANT** the Motion for Summary Judgment (ECF No. 11) and **DISMISS PLAINTIFF'S CLAIM WITHOUT PREJUDICE**.

Finally, to the extent Plaintiff's January 30, 2012 letter requests appointment of counsel, this request is **DENIED.** The United States Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases . . . [and] [t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." Bennett v. Smith, 110 F. App'x 633, 635 (6th Cir. 2004). Accordingly, although the Court has the statutory authority to appoint counsel in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary situations. Plaintiff essentially maintains that the Court should appoint counsel because he does not understand legal proceedings. Although the Court sympathizes, a *pro se* prisoner litigant's lack of knowledge regarding legal proceedings does not constitute an extraordinary situation.

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 1, 2012                                             /s/ *Elizabeth A. Preston Deavers*
                                                                                     Elizabeth A. Preston Deavers
                                                                                     United States Magistrate Judge